# Exhibit "A"

DECONCINI MCDONALD YETWIN & LACY, P.C.
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020
Ph: (602) 282-0500
Fax: (602) 282-0520

Lawrence D. Hirsch#004982
lhirsch@dmylphx.com
Jeannette L. Bickner #009409
jbickner@dmylphx.com
Attorneys for Debtor(s)

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: | In Proceedings Under Chapter 11 |
| **DEBORAH DYNE WILSON** | Case No. 2-10-bk-12988 SSC |
| Debtor | DEBTOR'S PLAN OF REORGANIZATION |

## TABLE OF CONTENTS

ARTICLE I.    Definitions ................................................................................ 2

ARTICLE II.   Designation of Classes of Claims and Interests.................... 3

          Class 1: Creditors Holding Administrative Claims ............... 3

          Class 2: Creditors Holding Priority Claims........................... 4

          Class 3-11: Creditors Holding Secured Claims..................... 5

ARTICLE III.  Provisions Respecting the Unimpaired Classes of Claims .......... 9

          Class 1: Administrative Expenses ......................................... 9

ARTICLE IV.   Provisions Respecting the Impaired Classes of Claims .................. 10

DECONCINI MCDONALD YETWIN & LACY, P.C.
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

Class 2: Creditors Holding Priority Claims............................................. 10

ARTICLE V.    Source of Payments ........................................................ 14

ARTICLE VI.   Provisions for Execution of the Plan Which May Affect, Alter

or Modify the Rights of All Classes and Claimants ............................ 15

ARTICLE VII.  Disputed Claims; Objection to Claims; Avoiding Actions ................ 18

ARTICLE VIII. Means for Execution of Plan ........................................... 19

ARTICLE IX.   Modification of Plan Prior to the Order of Confirmation................. 19

ARTICLE X.    Retention of Jurisdiction.................................................... 20

The above named Debtor, Deborah Dyne Wilson, proposes the following Plan of Reorganization with creditors pursuant to 11 U.S.C. Section 1121(a).

## ARTICLE I

## DEFINITIONS

A. "Bankruptcy Code" means the United States Bankruptcy Code as set forth in Title 11, United States Code (11 U.S.C. §101 et. seq.), and as would be effective to a case filed on February 14, 1995.

B. "Bankruptcy Court" means the United States Bankruptcy Court for the District of Arizona.

C. "Debtor" means Deborah Dyne Wilson is the Debtor-In-Possession in these Chapter 11 proceedings

D. "Effective Date" of Plan means 60 days following the day on which an order of the Bankruptcy Court confirming the Plan is entered, provided that no stay of the order is then in effect (whether or not an appeal from the order has been taken).

DECONCINI MCDONALD YETWIN & LACY, P.C.
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

2

E. "Plan Distribution Date" means 60 days after the effective date, unless extended by the Bankruptcy Court.

F. "Order of Confirmation" means the order of the Bankruptcy Court confirming the Plan pursuant to § 1129 of the Bankruptcy Code.

G. "Plan" means this Plan of Reorganization and all modifications and amendments which may subsequently be made, either by Debtor or by order of the Court, pursuant to Section 1127 of the Bankruptcy Code.

H. "Deborah Dyne Wilson" means the Debtor in these Chapter 11 proceedings.

I. All other terms not specifically defined above shall have those meanings ascribed by the Bankruptcy Code.

## ARTICLE II

## DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS

Holders of all claims, as defined in 11 U.S.C. §101(4) against Debtor of whatever nature, whether or not scheduled, liquidated or unliquidated, absolute or contingent, including all claims arising from the rejection of executory contracts, shall be bound by the provisions of this Plan and are hereby classified below:

A.     Classes of Claims and Interests

The Plan divides the creditors into 13 classes.  The classes under the Plan are described below:

1.     Class 1: Creditors Holding Administrative Claims

Debtor has employed DeConcini, MacDonald, Yetwin and Lacy ("DeConcini") as General Counsel for the Debtor-in-Possession.  DeConcini received a retainer of $25,000.00 from a gift made to the Debtor by her mother.  To the extent that unencumbered funds are available to pay administrative expenses, counsel shall be paid from the estate.  Counsel shall be paid only after fees are approved by

3

DECONCINI McDONALD YETWIN & LACY, P.C.
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

DECONCINI MCDONALD YETWIN & LACY, P.C.
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

1   the Court after Notice and Hearing. Debtor believes she is current on post-petition

2   taxes. Debtor does not believe that she is indebted to the Office of the United States

3   Trustee for any post-petition quarterly fee obligations. To the extent that such fees

4   are unpaid, they shall be paid no later than the effective date of the Order

5   Confirming Debtor's Chapter 11 Plan of Reorganization. DeConcini has not filed its

6   first Fee Application. To the extent that the retainer paid by Debtor is not adequate

7   to cover all fees incurred by DeConcini, Debtor and DeConcini will make suitable

8   arrangements for the payment of any unpaid fees due at the time of Confirmation of

9   the Plan. Debtor may be filing an Application to employ a tax attorney/business

10   attorney, which would have to be approved by the court. That attorney would be

11   paid after notice and hearing. Any and all fees due for other outside professionals

12   shall be paid in full by Debtor, either upon the effective date of confirmation of the

13   Plan or pursuant to an agreement reached between the Debtor and the Claim holder

14   or upon an Order approving the fees, if unencumbered funds are present. Debtor

15   shall remain current in required filings of monthly operating reports and post-

16   Confirmation reports as well as payment of quarterly fees until the case is closed.

17   Payment of allowed Administrative Expenses shall be made from the cash flow of

18   Debtor's business operations and/or the liquidation of Debtor's non-exempt assets.

19   Debtor shall promptly pay all fees due the Office of the United States Trustee.

20          2.    Class 2: Creditors Holding Priority Claims

21            Debtor does not believe that there are any liabilities due the

22   IRS or state taxing authorities. Any unpaid Priority taxes shall be paid, with interest

23   at the statutory rate, in monthly payments, within 72 months after the filing of the

24   Petition.

25      //

26      //

4

3.  Class 3-12: Creditors Holding Secured Claims

a.  Class 3: Bank of America: Bank of America (BAC) holds a first mortgage on the Debtor's primary residence located at 7302 N. Clearwater Parkway Paradise Valley, Arizona 85253. The debt due to BAC is approximately $1,578,000.00 and the fair market value of the property is approximately $1,900,000.00. Debtor believes that BAC is fully secured and she will continue to make regular monthly payments to BAC as provided for in the note. Any arrears will be paid in full without interest within 60 months after the Plan Distribution Date. BAC is impaired.

b.  Class 4: Bank of America: Bank of America (BAC) holds a first mortgage on the Debtor's investment property located at 8535 E. Smitty's Place, Prescott Valley, Arizona 86315. The amount due to BAC is approximately $622,000. The property is worth approximately $550,000. The claim of BAC shall be bifurcated into a secured claim for $550,000.00 and an unsecured claim for the balance. The secured claim shall be paid at 5% interest with payments amortized over 30 years. The remaining balance due to BAC (approximately $70,000.00) shall be treated as a General Unsecured Claim under Class 13 of the Plan. Monthly payments on the secured portion of the claim will be $2,952.52. BAC is impaired.

c.  Class 5: Bank of America: Bank of America ("BAC) holds a first mortgage on the Debtor's investment property located at 7680 Coyote Springs, Prescott Valley, Arizona 86315. The debt due to BAC is approximately $368,000.00 and the property has a fair market value of $300,000. The claim of BAC shall be bifurcated into a secured claim for $300,000.00 and an unsecured claim for the balance. The secured claim shall be paid at 5% interest with payments amortized over 30 years. The remaining balance due to BAC (approximately $68,000.00) shall be treated as a General Unsecured Claim under Class 13 of the

DECONCINI McDONALD YETWIN & LACY, P.C.
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

5

Plan. Monthly payments on the secured portion of the claim will be $1,610.46. BAC is impaired under the terms of the Plan.

   d.   Class 6: Bank of America:  Bank of America (BAC) has a second mortgage on Debtor's investment property located at 7680 Coyote Springs, Prescott Valley, Arizona 86315. The debt due to BAC is approximately $46,000.00. The property is worth no more than $300,000 and is encumbered by a first lien in favor of BAC in the amount of $368,000.00. Debtor will file a complaint under 11 U.S.C. §506 to determine whether the lien of BAC can be set aside as being unsecured.  The claim of BAC shall be treated as a General Unsecured Claim under Class 13 of the Plan.  BAC is impaired.

   e.   Class 7: Chase Auto Finance:  (Chase) has a non-purchase money lien for approximately $9,000 on Debtor's 2004 BMW. The car is worth the same as the debt.  Debtor shall pay Chase in monthly payments at 5% interest for 60 months.  Payments shall be in the amount of $169.84 per month. Chase is impaired.

   f.   Class 8: Clearwater Hills Home Owners' Association  Debtor owes approximately $2,500 in delinquent HOA dues.  Debtor shall commence making her regular HOA payments and shall pay the amount due the HOA on the arrears in equal payments commencing upon the Plan Distribution Date. Payments shall be completed within 60 months after the Plan Distribution Date. No interest shall be paid on this claim. The HOA is impaired.  To the extent that this debt is paid by a non-Debtor entity prior to confirmation of the plan, no payments will be made to the HOA by the Debtor.

   g.   Class 9: JP Morgan Chase (Chase):  Chase holds a first lien on Debtor's investment property located at 830 East Circle Road, New River, Arizona 85087.  Debtor shall surrender the property to Chase, which may pursue

DECONCINI MCDONALD YETWIN & LACY, P.C.
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

1  any and all remedies available to it under applicable State Law to foreclose on its

2  lien. Debtor does not believe that a deficiency claim is allowable under State Law

3  and no deficiency claim will be recognized unless approved by the Court. No

4  payments shall be made to Chase on account of its secured claim. Chase is

5  unimpaired.

6          h.    <u>Class 10: JP Morgan Chase (Chase):</u> Chase holds a first

7  lien on Debtor's investment property located at 1173 Friendly Pines, Prescott

8  Valley, Arizona 86315. The debt due to Chase is approximately $333,000.00 and the

9  property has a fair market value of $280,000. The claim of Chase shall be bifurcated

10  into a secured claim for $280,000.00 and an unsecured claim for the balance. The

11  secured claim shall be paid at 5% interest with payments amortized over 30 years.

12  The remaining balance due to BAC (approximately $50,000.00) shall be treated as a

13  General Unsecured Claim under Class 13 of the Plan. Monthly payments on the

14  secured portion of the claim will be $1,503.10. Chase is impaired under the terms of

15  the Plan.

16          i.    <u>Class 11: JP Morgan Chase (Chase):</u> Chase holds a

17  second lien on Debtor's primary residence. There is some equity to protect the lien

18  held by Chase. Applicable Bankruptcy Law does not permit a modification of the

19  lien. Debtor shall continue to make regular monthly payments to Chase on the loan

20  and any arrears shall be paid in full without interest within 60 months following the

21  Plan Distribution Date. Chase is impaired.

22          j.    <u>Class 12: M & I Bank (M & I):</u> M & I has a first lien on

23  Debtor's investment property located at 8550 E. Smitty's Place, Prescott Valley,

24  Arizona 86315. The debt due to M & I is approximately $310,000.00 and the

25  property has a fair market value of $250,000. The claim of M & I shall be bifurcated

26  into a secured claim for $250,000.00 and an unsecured claim for the balance. The

7

DECONCINI MCDONALD YETWIN & LACY, P.C.
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

secured claim shall be paid at 5% interest with payments amortized over 30 years. The remaining balance due to BAC (approximately $60,000.00) shall be treated as a General Unsecured Claim under Class 13 of the Plan. Monthly payments on the secured portion of the claim will be $1,342.05. M & I is impaired under the terms of the Plan.

4. Class 13: General Unsecured Creditors

All other persons and entities that have extended credit, provided services or merchandise on an open account or have lent money to Debtor and all other parties whose claim are unsecured, including the unsecured portion of the claims of secured creditors Classes 3-12, and tax penalties due any taxing authority shall be considered holding General unsecured claims. Payment shall be made to General unsecured creditors after payment of Administrative and Priority Claims have been paid and simultaneously with payments to secured creditors, other than arrears on the Debtor's primary residence and her HOE payments, which shall be made prior to payments to General Unsecured Creditors. Unsecured claims shall be paid from the proceeds of Debtor's business and employment.

Payments to General Unsecured Creditors shall commence after payment of Administrative Claims, Priority Claims and any arrears due to Bank of America on Debtor's primary residence. Unsecured creditors shall be paid in full without interest. Debtor anticipates that payment will be completed within 60 months after the Plan Distribution Date but payments shall continue until all creditors are paid in full. It is possible that the plan payments may extend to 84 months.

//

//

//

8

## PROVISIONS RESPECTING THE UNIMPAIRED CLASSES OF CLAIMS

1.   Class 1: Creditors Holding Administrative Claims

Debtor has employed DeConcini, MacDonald, Yetwin and Lacy ("DeConcini") as General Counsel for the Debtor-in-Possession. DeConcini received a retainer of $25,000.00 from a gift made to the Debtor by her mother. To the extent that unencumbered funds are available to pay administrative expenses, counsel shall be paid from the estate. Counsel shall be paid only after fees are approved by the Court after Notice and Hearing. Debtor believes she is current on post-petition taxes. Debtor does not believe that she is indebted to the Office of the United States Trustee for any post-petition quarterly fee obligations. To the extent that such fees are unpaid, they shall be paid no later than the effective date of the Order Confirming Debtor's Chapter 11 Plan of Reorganization. DeConcini has not filed its first Fee Application. To the extent that the retainer paid by Debtor is not adequate to cover all fees incurred by DeConcini, Debtor and DeConcini will make suitable arrangements for the payment of any unpaid fees due at the time of Confirmation of the Plan. Debtor may be filing an Application to employ a tax attorney/business attorney, which would have to be approved by the court. That attorney would be paid after notice and hearing. Any and all fees due for other outside professionals shall be paid in full by Debtor, either upon the effective date of confirmation of the Plan or pursuant to an agreement reached between the Debtor and the Claim holder or upon an Order approving the fees, if unencumbered funds are present. Debtor shall remain current in required filings of monthly operating reports and post-Confirmation reports as well as payment of quarterly fees until the case is closed. Payment of allowed Administrative Expenses shall be made from the cash flow of

DECONCINI McDONALD YETWIN & LACY, P.C.
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

9

Debtor's business operations and/or the liquidation of Debtor's non-exempt assets. Debtor shall promptly pay all fees due the Office of the United States Trustee.

2. __Class 9: JP Morgan Chase (Chase):__ Chase holds a first lien on Debtor's investment property located at 830 East Circle Road, New River, Arizona 85087. Debtor shall surrender the property to Chase, which may pursue any and all remedies available to it under applicable State Law to foreclose on its lien. Debtor does not believe that a deficiency claim is allowable under State Law and no deficiency claim will be recognized unless approved by the Court. No payments shall be made to Chase on account of its secured claim. Chase is unimpaired.

## ARTICLE IV
### PROVISIONS RESPECTING THE IMPAIRED CLASSES OF CLAIMS

1. __Class 2: Creditors Holding Priority Claims__

Debtor does not believe that there are any liabilities due the IRS or state taxing authorities. Any unpaid Priority taxes shall be paid, with interest at the statutory rate, in monthly payments, within 72 months after the filing of the Petition.

2. __Class 3-12(except Class 9): Creditors Holding Secured Claims__

a. __Class 3: Bank of America:__ Bank of America (BAC) holds a first mortgage on the Debtor's primary residence located at 7302 N. Clearwater Parkway Paradise Valley, Arizona 85253. The debt due to BAC is approximately $1,578,000.00 and the fair market value of the property is approximately $1,900,000.00. Debtor believes that BAC is fully secured and she will continue to make regular monthly payments to BAC as provided for in the note. Any arrears will

DeConcini McDonald Yetwin & Lacy, P.C.
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

10

1  be paid in full without interest within 60 months after the Plan Distribution Date.
2  BAC is impaired.

3          b.      Class 4: Bank of America:  Bank of America (BAC) holds
4  a first mortgage on the Debtor's investment property located at 8535 E. Smitty's
5  Place, Prescott Valley, AZ 86315.   The amount due to BAC is approximately
6  $622,000.  The property is worth approximately $550,000.  The claim of BAC shall
7  be bifurcated into a secured claim for $550,000.00 and an unsecured claim for the
8  balance.  The secured claim shall be paid at 5% interest with payments amortized
9  over 30 years.  The remaining balance due to BAC (approximately $70,000.00) shall
10  be treated as a General Unsecured Claim under Class 13 of the Plan.   Monthly
11  payments on the secured portion of the claim will be $2,952.52. BAC is impaired.

12          c.      Class 5: Bank of America:  Bank of America ("BAC) holds
13  a first mortgage on the Debtor's investment property located at 7680 Coyote
14  Springs, Prescott Valley, Arizona 86315.  The debt due to BAC is approximately
15  $368,000.00 and the property has a fair market value of $300,000. The claim of BAC
16  shall be bifurcated into a secured claim for $300,000.00 and an unsecured claim for
17  the balance.   The secured claim shall be paid at 5% interest with payments
18  amortized over 30 years.   The remaining balance due to BAC (approximately
19  $68,000.00) shall be treated as a General Unsecured Claim under Class 13 of the
20  Plan. Monthly payments on the secured portion of the claim will be $1,610.46. BAC
21  is impaired under the terms of the Plan.

22          d.      Class 6: Bank of America:  Bank of America (BAC) has a
23  second mortgage on Debtor's investment property located at 7680 Coyote Springs,
24  Prescott Valley, Arizona 86315.  The debt due to BAC is approximately $46,000.00.
25  The property is worth no more than $300,000 and is encumbered by a first lien in
26  favor of BAC in the amount of $368,000.00. Debtor will file a complaint under 11

DeConcini McDonald Yetwin & Lacy, P.C.
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

DECONCINI MCDONALD YETWIN & LACY, P.C.
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

U.S.C. §506 to determine whether the lien of BAC can be set aside as being unsecured. The claim of BAC shall be treated as a General Unsecured Claim under Class 13 of the Plan. BAC is impaired.

e. <u>Class 7: Chase Auto Finance:</u> (Chase) has a non-purchase money lien for approximately $9,000 on Debtor's 2004 BMW. The car is worth the same as the debt. Debtor shall pay Chase in monthly payments at 5% interest for 60 months. Payments shall be in the amount of $169.84 per month. Chase is impaired.

f. <u>Class 8: Clearwater Hills Home Owners' Association</u> Debtor owes approximately $2,500 in delinquent HOA dues. Debtor shall commence making her regular HOA payments and shall pay the amount due the HOA on the arrears in equal payments commencing upon the Plan Distribution Date. Payments shall be completed within 60 months after the Plan Distribution Date. No interest shall be paid on this claim. The HOA is impaired. To the extent that this debt is paid by a non-Debtor entity prior to confirmation of the plan, no payments will be made to the HOA by the Debtor.

g. <u>Class 10: JP Morgan Chase (Chase):</u> Chase holds a first lien on Debtor's investment property located at 1173 Friendly Pines, Prescott Valley, Arizona 86315. The debt due to Chase is approximately $333,000.00 and the property has a fair market value of $280,000. The claim of Chase shall be bifurcated into a secured claim for $280,000.00 and an unsecured claim for the balance. The secured claim shall be paid at 5% interest with payments amortized over 30 years. The remaining balance due to BAC (approximately $50,000.00) shall be treated as a General Unsecured Claim under Class 13 of the Plan. Monthly payments on the secured portion of the claim will be $1,503.10. Chase is impaired under the terms of the Plan.

12

h. **Class 11: JP Morgan Chase (Chase):** Chase holds a second lien on Debtor's primary residence. There is some equity to protect the lien held by Chase. Applicable Bankruptcy Law does not permit a modification of the lien. Debtor shall continue to make regular monthly payments to Chase on the loan and any arrears shall be paid in full without interest within 60 months following the Plan Distribution Date. Chase is impaired.

i. **Class 12: M & I Bank (M & I):** M & I has a first lien on Debtor's investment property located at 8550 E. Smitty's Place, Prescott Valley, Arizona 86315. The debt due to M & I is approximately $310,000.00 and the property has a fair market value of $250,000. The claim of M & I shall be bifurcated into a secured claim for $250,000.00 and an unsecured claim for the balance. The secured claim shall be paid at 5% interest with payments amortized over 30 years. The remaining balance due to BAC (approximately $60,000.00) shall be treated as a General Unsecured Claim under Class 13 of the Plan. Monthly payments on the secured portion of the claim will be $1,342.05. M & I is impaired under the terms of the Plan.

3. **Class 13: General Unsecured Creditors**

All other persons and entities that have extended credit, provided services or merchandise on an open account or have lent money to Debtor and all other parties whose claim are unsecured, including the unsecured portion of the claims of secured creditors Classes 3-12, and tax penalties due any taxing authority shall be considered holding General unsecured claims. Payment shall be made to General unsecured creditors after payment of Administrative and Priority Claims have been paid. Unsecured claims shall be paid from the proceeds of Debtor's business and employment.

DECONCINI McDONALD YETWIN & LACY, P.C.
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

13

Payments to General Unsecured Creditors shall commence after payment of Administrative Claims, Priority Claims and any arrears due to Bank of America on Debtor's primary residence. Unsecured creditors shall be paid in full without interest. Debtor anticipates that payment will be completed within 60 months after the Plan Distribution Date but payments shall continue until all creditors are paid in full. It is possible that the plan payments may extend to 84 months.

## ARTICLE V

## SOURCE OF PAYMENTS

The source of payment to claimants shall be from the net cash flow of Debtor. Net cash flow for Debtor shall be calculated as follows and shall equal:

1) Gross cash receipts received by Debtor, less

2) Ordinary and reasonable personal living expenses,

3) Operating and business expenses for Debtor's operation, if any; and

4) Payment for administrative expenses and post-confirmation expenses due to professional persons such as attorneys, accountants and appraisers.

Debtor shall make payments to General Unsecured Creditors after completion of payments of Administrative Claims, arrears on secured debt that must be paid (if any), and payment of Priority Claims. If funds are available, Debtor will make payments to Class 11 simultaneously with these other payments discussed above. Payments will be based upon available funds and will be made until all unsecured creditors, including deficiency claims of secured creditors, are paid in full. Debtor anticipates that payments to Class 13 creditors will be completed within 60 months of the Plan Distribution Date, but payments may be extended for as long as 84 months.. Payments shall cease when all creditors are paid in full.

DECONCINI McDONALD YETWIN & LACY, P.C.
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

14

DeConcini McDonald Yetwin & Lacy, P.C.
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

ARTICLE VI

PROVISIONS FOR EXECUTION OF THE PLAN WHICH MAY AFFECT, ALTER, OR

MODIFY THE RIGHTS OF ALL CLASSES AND CLAIMANTS

A.       As of the Plan Distribution Date, Debtor shall comply with her obligation to file post-confirmation quarterly reports and pay any required post-confirmation fees to the United States Trustee.

B.       As of the Plan Distribution Date, all of the property of the estate of Debtor shall be deemed transferred vested in Debtor, all such property shall no longer be considered property of the estate as defined in 11 U.S.C. § 541 and all such property shall be free and clear of liens, claims of interest of creditors accepted as specifically provided for in this Plan.

C.       Upon confirmation, all claims and causes of action of Debtor against other entities, including rights of Debtor-In-Possession under Chapter 11 of the Bankruptcy Code to recover any preference, transfer assets, or damage, shall vest in Debtor.

D.       After the Plan Distribution Date, Debtor shall continue her business and manage her affairs without supervision of the Bankruptcy Court and may enter into such agreements and transfer, convey and encumber, use and lease its assets as she deems appropriate under the circumstances without the requirement of seeking approval from the Bankruptcy Court, but nothing in this provision shall impair liens and encumbrances which a holder has retained pursuant to the express terms of this Plan. The distributions to holders of claims described in this Plan are minimum distributions only and Debtor shall have the right and discretion at all times to make full and partial prepayments without penalty.  When a Plan calls for a number of equal payments, the amount of the payment shall be calculated assuming that payments are made on the first of the month when due and include interest

15

DECONCINI McDONALD YETWIN & LACY, P.C.
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

1   amortized at the applicable rate. All payments to secured creditors under this Plan

2   shall be applied first to interest and then to principal. Prepayment of payments

3   may, therefore, reduce the amount of the final payment or reduce the number of

4   payments otherwise due under the Plan and late payments may increase the

5   number of payments otherwise required by the Plan.

6        E.     Upon the Plan Distribution Date, unless a stay has been entered

7   relating to the order of confirmation, the order for automatic stay described in 11

8   U.S.C. § 362(a) shall terminate; provided, however, except as otherwise expressly

9   specified herein, that all creditors and claimants shall be enjoined from continuing

10   with or commencing with any action or proceeding against Debtor without further

11   order of the Bankruptcy Court.

12       All distributions of money under the Plan which are returned by the post

13   office undelivered or which cannot be delivered due to lack of current address shall

14   be retained by Debtor in trust for the distributee; after the expiration of six months

15   from the date of the first attempted distribution, the unclaimed monies and all

16   distributions will vest in Debtor, free of any claim of the distributee.

17        F.     Except as expressly specified herein, no creditor or claimant, whether

18   secured, unsecured, priority or non-priority shall be entitled to any fine, penalty

19   exemplary or punitive damage, late charge, default interest or any other monetary

20   charge relating to or arising from any default deemed disallowed whether or not an

21   objection is filed thereto. Unsecured creditors shall not be entitled to interest on

22   their claims, whether or not provided for in any agreements, from and after the

23   commencement of the case, unless otherwise expressly provided for in this Plan and

24   shall not be entitled to any cost, expense or attorney's fees.

25        G.     Pursuant to 11 U.S.C. § 1141(a), notwithstanding 11 U.S.C. § 506(d)

26   and except as provided for in 11 U.S.C. § 1141(d)(2) and (d)(3), upon confirmation

of the Plan, the provisions of the Plan will bind Debtor, any entity issuing securities under the Plan, any entity acquiring property under the Plan, any creditor or equity security holder, whether or not the claim or interest of such creditor is impaired under the Plan and whether or not such creditor or equity security holder has accepted the Plan or filed a Proof of Claim.

H. All claims of a lien in any of Debtor' personal property shall be deemed released, terminated and withdrawn, unless the creditor claiming a lien has filed a timely, formal and proper Proof of claim with the Bankruptcy Court setting forth the basis and extent of the lien.

I. Upon payment of sums provided under the Plan, all claims of any creditor of Debtor arising prior to the confirmation of the Plan against Debtor shall be wholly released and discharged.

J. Debtor's obligation to make any payment under this Plan may be discharged to the extent that such payment is made by any entity that is liable with Debtor on or has secured the claim or the right to payment giving rise to Debtor's obligation. If any entity that is liable to a creditor as a result of a pre-petition claim against Debtor, voluntarily or involuntarily, makes a payment on such claim, the entity shall be subrogated to the rights of Debtor subject to the limitations of 11 U.S.C. § 509(c). In the alternative, if the claim arises out of Debtor' failure to pay a tax out of an administrative expense claim against the estate or out of a claim which is secured by the property of the estate or of Debtor, the Debtor may but shall not be required to reimburse the entity for such payment.

//
//
//
//

DECONCINI McDONALD YETWIN & LACY, P.C.
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

DISPUTED CLAIMS; OBJECTIONS TO CLAIMS; AVOIDING ACTIONS

Debtor, its attorneys or any party in interest may file, prior to the Plan distribution to date, (a) an objection to any claim, or (b) a motion to determine the extent, priority or amount of any secured or other claim. Copies of all objections or motions must be served at the same time upon Debtor's attorney:

LAWRENCE D. HIRSCH
DECONCINI MCDONALD YETWIN & LACY, P.C.
7310 NORTH 16TH STREET, SUITE 330
PHOENIX, ARIZONA 85020

Debtor and her attorney may file at any time prior, up to 2 years after the Petition date, any action to recover or set aside any preference, transfer, assets or damages or to set aside any lien or encumbrance to which they may be entitled under the Bankruptcy Code. Any such objection, motion or action not filed and served within such time shall be deemed waived. If any claim, right interest, privilege or lien is objected to or has been challenged by adversary proceeding, contested matter, objection or otherwise, or if an order is entered staying the Order of Confirmation, any payments that are otherwise due to the claimant pending such objection shall be reserved in interest-bearing accounts and set aside sufficient to satisfy the claim as filed by the claimant or as scheduled by Debtor. Said accounts shall be segregated, federally insured, interest-bearing accounts not subject to set-off by the holder of the then financial institution holding the funds. No later than 30 days following the date of the entry of a final, nonappealable order resolving each disputed or objectionable claim, or upon the expiration of all stays of the Order of Confirmation, the reserved payments, plus interest earned thereon, shall be distributed to the claimant or retained by Debtor, as the case may be, in accordance

18

DECONCINI MCDONALD YETWIN & LACY, P.C.
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

with the terms and conditions of the order resolving such disputed claim and this plan.

## ARTICLE VIII

### MEANS FOR EXECUTION OF PLAN

Debtor shall commence making payments under this Plan 60 days after the Effective Date of Confirmation of this Plan. Payment shall be made monthly and shall be based upon the available net proceeds, as that term is defined hereinabove. Monthly payments shall continue until all creditors have been paid in accordance with the terms and conditions of Debtor's confirmed Plan of Reorganization, however, Debtor may receive a Discharge and this case can be closed prior to the completion of payments. In the event, Debtor has insufficient net proceeds in any given month to make the prescribed payment such payment shall be deferred and Debtor shall make such payment as deferred plus any additional interest incurred as a result of the deferral. Monthly payments shall continue until all creditors have been paid as contemplated under the terms and conditions of Debtor's confirmed Plan of Reorganization.

## ARTICLE IX

### MODIFICATION OF PLAN PRIOR TO THE ORDER OF CONFIRMATION

Debtor may propose amendments or modification of the Plan in accordance with 11 U.S.C. §1127(a). After confirmation, Debtor may amend this Plan in the manner provided for by 11 U.S.C. § 1127(b). The Bankruptcy Court may comment at any time, so long as it does not affect the interest of the creditors, remedy any defects or omissions or reconcile any inconsistencies in the Plan or in the Order of Confirmation in such manner as may be necessary to carry out the purpose and effect of this Plan.

DeCONCINI McDONALD YETWIN & LACY, P.C.
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

19

DeConcini McDonald Yetwin & Lacy, P.C.
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

## ARTICLE X

### RETENTION OF JURISDICTION

The Court shall retain jurisdiction of this case pursuant to the provisions of Chapter 11 of the Bankruptcy Code, until the final allowance or disallowance of all claims affected by the Plan, and with respect to the following matters:

A. To adjudicate all proceedings which Debtor may bring prior to 2 years after the filing date to set aside liens or encumbrances, and to recover any preferences, transfers, assets or damages to which it may be entitled under applicable provisions of the Bankruptcy Code or other federal, state or local law;

B. To adjudicate all controversies concerning the classification, allowance or estimation of any claim or equity security interest;

C. To hear and determine all claims arising from the rejection of any executory contracts, including leases, and to approve the rejection and termination with respect to any executory contracts as to which an application for rejection or termination is filed prior to the entry of the Order of Confirmation;

D. To liquidate and determine the amount of damages in connection with any disputed, contingent or unliquidated claims;

E. To adjudicate claims to a security interest, ownership or other interest in any property of Debtor or in any proceeds thereof;

F. To resolve any disputes regarding the interpretation of the Plan;

G. To modify the Plan as may be necessary pursuant to the Bankruptcy Code;

H. To adjudicate all claims or controversies arising out of any purchases, sales, obligations or contracts, made or undertaken by Debtor or complete during the pendency of the proceedings;

20

I.      To recover all assets and properties of Debtor, wherever located, including any excessive or erroneous payments made to creditors, or in connection with leases or contracts; and

J.      To make such orders as are necessary or appropriate to carry out the provisions of this Plan.

Respectfully submitted this 9th day of June, 2010,

DECONCINI MCDONALD YETWIN & LACY  P.C.

/s/ Lawrence D. Hirsch,  #004982
Lawrence D. Hirsch, Esq.
Jeannette L. Bickner, Esq.
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020
Attorneys for Debtor

Approved:

_____
Deborah Dyne Wilson

DECONCINI MCDONALD YETWIN & LACY, P.C.
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

21